William M. Fitzgerald, Esq.
LAW OFFICES OF WILLIAM M. FITZGERALD
2nd Fl. Macaranas Bldg., Garapan Beach Road
P.O. Box 500909
Saipan, MP 96950
Telephone: (670) 234-7241
Fax: (670) 234-7530
Email: fitzgerald.law@gmail.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| SHIRLINE LOH, <br><br> Plaintiff, <br><br> v. <br><br> IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, <br><br> Defendant. | CIVIL CASE NO. 18- 18-0025 <br><br> VERIFIED COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND SUPPLEMENTAL STATE LAW CLAIMS |

COMES NOW, Shirline Loh, with the following Verified Complaint against Imperial Pacific International (CNMI), LLC.

**JURISDICTION**

1. The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), applies to this matter through the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Article V, § 502(a)(2).

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1337(a) (proceedings arising under any Act of Congress regulating commerce).

3. This Court also has jurisdiction under the FLSA, 29 U.S.C. § 216(b), to adjudicate

Plaintiff's claims.

4. This Court has jurisdiction over Plaintiff's non-FLSA claims pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction).

5. Venue is properly placed in this Court as at all relevant times Plaintiff was an employee of a Defendant doing business in Saipan, Commonwealth of the Northern Mariana Islands ("CNMI").

## PARTIES

6. Plaintiff Shirline Loh ("Loh") is a citizen of Singapore and currently residing there.

7. Defendant Imperial Pacific International (CNMI), LLC ("IPI") is a Limited Liability corporation organized under the laws of the CNMI.

## FACTS

8. Ms. Loh began her employment with Defendant IPI on or about October 15, 2015, entering into an employment contract (the "Contract") with Defendant IPI and worked for them until August 2016.

9. The Contract provided that, among other things, Ms. Loh would be employed as a VIP Services Host, and her duties would consist of, *inter alia*, offering guests drinks and food, making sure necessary gaming items were available to guests, arranging chairs, picking up garbage and insuring that places VIP guests visited were clean.

10. From the beginning of her employment, Defendant intentionally required, by written contract, that Plaintiff work more than 40 hours per week, without being paid for overtime.

11. At all times relevant to this action, Ms. Loh was an employee of Defendant within the meaning of § 203(e)(1) of the FLSA and § 921(e) of the MWHA.

12. At all times relevant to this action, Ms. Loh was employed by Defendant within the meaning of § 203(g) of the FLSA and § 921(d) of the MWHA.

13. At all times relevant to this action, Ms. Loh was, in each work week for Defendant, engaged in commerce within the meaning of § 203(b) of the FLSA.

14. At all times relevant to this action, Defendant was the employer of Ms. Loh within the meaning of § 203(b) of the FLSA and § 9212(f) of the MWHA.

15. At all times while employed by Defendant, Ms. Loh was employed, and actualy performing work, in a job category that is not exempt from the provisions of the FLSA and/or the MWHA.

16. At all times relevant to this action, Ms. Loh was employed by Defendant in Saipan, Commonwealth of the Northern Mariana Islands.

17. At all times relevant to this action, Defendant, as a single business enterprise, had gross revenues in each year of operation in excess of $500,000.

18. Through the operations of their gaming business in the CNMI, catering to tourists solicited by Defendant from China and other countries, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(r)(1) & (s)(1) of the FLSA.

19. From October 2015 through August 2016, Plaintiff worked for Defendant in excess of 14 hours per day, seven days per week.

20. From October 2015 through August 2016, Defendant paid Plaintiff $2,300 per month for her services.

21. Defendant failed to pay Ms. Loh all minimum wages required by § 206(a) of the FLSA and § 9221(a)(2) of the MWHA.

22.  Defendant failed to pay Ms. Loh overtime wages required by § 207(a) of the FLSA and § 9222 of the MWHA.

23.  Defendant failed to maintain full and accurate records of the hours actually worked by Ms. Loh as required by § 215(a)(5) of the FLSA and § 9232(a) of the MWHA.

24.  All of the actions and omissions alleged above were undertaken by Defendant, either directly or through its owners, co-owners, officers, directors, managers, or agents.

25.  All of the actions and omissions alleged above were willful within the meaning of § 9243 of the MWHA, and with regard to the applicability of the statute of limitations on FLSA claims.

26.  At all times mentioned herein, tips were given by IPI customers to IPI for the specific purpose of rewarding VIP hosts for good service, with the direction that IPI pay these tips to the VIP hosts.

27.  IPI intentionally, willfully and fraudulently refused to pay these tips to the VIP hosts, specifically Plaintiff, and instead converted these tips to its own use.

## FIRST CAUSE OF ACTION

### (FLSA Violation – Unpaid Minimum Wage)

28.  Plaintiff incorporates paragraphs 1 through 27 above as if fully set forth herein.

29.  Defendant has violated the provisions of § 206(a) of the FLSA by failing to pay Ms. Loh the applicable minimum wage per hour for all of the hours worked by her in each work week for which she performed services for Defendant. This failure was willful and intentional.

30.  Ms. Loh is entitled to payment of unpaid minimum wages from Defendant, jointly and severally, plus an additional equal amount as liquidated damages.

31. Ms. Loh is also entitled to costs of the action and reasonable attorneys' fees pursuant to § 216(b) of the FLSA.

## SECOND CAUSE OF ACTION

### (MWHA Violation – Unpaid Minimum Wage)

32. Plaintiff incorporates paragraphs 1 through 31 above as if fully set forth herein.

33. Defendant has violated the provisions of § 9221(a)(2) of the MWHA by failing to pay Ms. Loh the applicable minimum wage per hour for all of the hours worked by her in each work week for which she performed services for Defendant. This failure was willful and intentional.

34. Ms. Loh is entitled to payment of unpaid minimum wages from Defendant, jointly and severally, and an additional equal amount as liquidated damages for Defendant's willful violation.

35. Ms. Loh is also entitled to costs of the action and reasonable attorneys' fees pursuant to § 9244(b) of the MWHA.

## THIRD CAUSE OF ACTION

### (FLSA Violation – Unpaid Overtime Compensation)

36. Plaintiff incorporates paragraphs 1 through 35 above as if fully set forth herein.

37. Defendant has violated the provisions of § 207(a) of the FLSA by willfully and intentionally failing to pay Ms. Loh overtime compensation in the amount of one and one-half times her regular pay rate for all of the hours worked by Ms. Loh in excess of forty (40) hours in each work week.

38. Ms. Loh is entitled to payment of unpaid overtime compensation from Defendant, jointly and severally, and an additional equal amount as liquidated damages.

39. Ms. Loh is also entitled to costs of the action and reasonable attorneys' fees pursuant to § 216(b) of the FLSA.

## FOURTH CAUSE OF ACTION

### (MWHA Violation – Unpaid Overtime Compensation)

40. Plaintiff incorporates paragraphs 1 through 39 above as if fully set forth herein.

41. Defendant has violated the provisions of § 9222 of the MWHA by willfully and intentionally failing to pay Ms. Loh the overtime compensation in the amount of one and one-half times her regular pay rate for all of the hours worked by her in excess of forty (40) hours in each work week.

42. Ms. Loh is entitled to payment of unpaid overtime compensation from Defendant and an additional equal amount as liquidated damages for Defendant's willful violation.

43. Ms. Loh is also entitled to costs of the action and reasonable attorneys' fees pursuant to § 9244(b) of the MWHA.

## FIFTH CAUSE OF ACTION

### (Conversion and Fraud)

44. Plaintiff incorporates paragraphs 1 through 43 above as if fully set forth herein.

45. At all times mentioned herein, Yuki Xia was an employee of Defendant IPI and was in charge of supervising and managing the VIP hosts.

46. At all times mentioned herein, tips were made by IPI's customers to be given to the VIP hosts, including Plaintiff.

47. During this time, IPI, through Yuki Xia, intentionally, willfully and fraudulently converted these tips to the use of IPI, failing and refusing to pay Plaintiff her legitimate and rightful share of the tips.

**PRAYER FOR RELIEF**

Accordingly, Plaintiff prays for the following relief:

1. That Defendant pay Plaintiff the applicable minimum wage for all hours worked by Plaintiff for Defendant in excess of forty (40) hours in each work week;

2. That Defendant pay Plaintiff her overtime compensation for all hours worked by Plaintiff for Defendant in excess of forty (40) hours in each work week;

3. That Defendant pay Plaintiff an equal amount as liquidated damages;

4. That Defendant pay Plaintiff her shares of tips designated for the VIP hosts; and

5. That Defendant pay Plaintiff reasonable attorneys' fees and costs of this action.

6. That Defendant pay Plaintiff punitive damages for the intentional and fraudulent conduct in converting employees' tips to its own use.

DATED this 17 day of September, 2018.

LAW OFFICE OF WILLIAM M. FIZGERALD

William M. Fitzgerald, Esq.
Attorney for Plaintiff

## VERIFICATION

I declare under penalty of perjury that I have read the foregoing complaint and that it is true and correct to the best of my recollection and knowledge, and this declaration was executed on this 30th day of August, 2018.

_____
SHIRLINE LOH