F I L E D
Clerk
District Court
FEB 21 2019
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **SHIRLENE LOH**,<br><br>Plaintiff,<br><br>v.<br><br>**IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,**<br><br>Defendant. | Case No. 1:1:18-CV-00025<br><br>**DECISION AND ORDER GRANTING MOTION TO DISMISS** |

## I. INTRODUCTION

Before the Court is Defendant Imperial Pacific International's Motion to Dismiss certain claims in the complaint under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 7). Plaintiff Shirlene Loh filed an Opposition (ECF No. 14), and Defendant filed a Reply (ECF No. 15). The motion came on for a hearing on February 14, 2019. For the reasons stated herein, the Motion to Dismiss is GRANTED, with leave to amend as to the fraud claim.

## II. BACKGROUND

Loh worked for Imperial Pacific International (CNMI), LLP ("IPI") from October 15, 2015, until August 2016. (Complaint ¶ 8, ECF No. 1.) She was employed as a VIP Services Host to bring food and drink and provide "necessary gaming items" to VIP guests, as well as to tidy up the VIP gaming rooms. (*Id.* ¶ 9.) Loh's employment contract with IPI required her to work more than 40 hours a week, without overtime pay. (*Id.* ¶ 10.) Throughout her employment, Loh worked

for IPI in excess of 14 hours a day, seven days a week. (*Id.* ¶ 19.) IPI paid Loh $2,300 a month for her services, below minimum wage. (*Id.* ¶¶ 20, 21.) Customers gave IPI tips to pass along to Loh and other VIP hosts, but IPI pocketed them. (*Id.* ¶¶ 26, 27.)

On September 18, 2018, Loh filed suit against IPI, alleging violations of the federal Fair Labor and Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and the CNMI's Minimum Wage and Hour Act ("MWHA"), 4 CMC (N. Mar. I. Code) § 9211 *et seq.,* for unpaid wages under FLSA and MWHA's minimum-wage and overtime provisions, as well as a common-law claim for fraud and conversion with respect to the tips.

Defendant moved to dismiss the MWHA claims (second and fourth causes of action) under Rule 12(b)(6) of the Federal Rules of Civil Procedure as outside the statute of limitations, and to dismiss the fraud and conversion claim (fifth cause of action) because it is not pled with particularity, as required by Rule 9(b). Defendant does not seek dismissal of the FLSA claims, over which the Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216 (FLSA private right of action).

## III.   LEGAL STANDARD

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute [of limitations] is apparent on the face of the complaint.'" *U.S. ex rel. Air Control Tech., Inc. v. Pre Con Indus., Inc.,* 720 F.3d 1174, 1178 (9th Cir. 2013) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010)).

When a party alleges fraud, it must "state with particularity the circumstances constituting" the fraud. Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how of the misconduct charged.'" *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997)). A

2

plaintiff must "set forth *more* than the neutral facts necessary to identify the transaction" and explain "what is false or misleading about a statement, and why it is false." *Decker v. Glenfed, Inc. (In re Glenfed, Inc. Sec. Litig.),* 42 F.3d 1541, 1548 (9th Cir. 1994) (original emphasis), *superseded by statute on other grounds as stated in SEC v. Todd,* 642 F.3d 1207 (9th Cir. 2011).

## IV. DISCUSSION

### A. Commonwealth Minimum Wage and Hour Act Claims

Defendant moves to dismiss the MWHA claims because the statute of limitations has run. (Mot. at 2–3.)

A claim under the MWHA "must be commenced within six months after the cause of action accrued, . . . except that a cause of action arising out of a willful violation may be commenced within one year after the cause of action accrued." 4 CMC § 9246. Loh stopped working for IPI in August 2016 and did not file a complaint until more than two years later, in September 2018. She is well outside the limitations period even for willful violations. Plaintiff has alleged no facts that would support equitable tolling of the limitations period.

In her Opposition brief and at the hearing, Plaintiff conceded that her MWHA claims are untimely, and she did not assert that the limitations period should be equitably tolled.

For these reasons, the second and fourth causes of action under the MWHA will be dismissed.

### B. Fraud and Conversion Claim

The fifth cause of action is for "conversion and fraud" (Compl. at 6). Fraud and conversion are separate legal theories of liability. *Holmberg v. Morrisette,* 800 F.2d 205, 212 (8th Cir. 1986). The Motion to Dismiss concerns the fraud theory only.

The elements of a Commonwealth-law claim of fraudulent misrepresentation are: "(1) a

material, false misrepresentation by the defendant; (2) the defendant's knowledge of its falsity; (3) the defendant's intent that the plaintiff act reasonably upon it; and (4) the plaintiff's justifiable and detrimental reliance upon the misrepresentation." *Syed v. Mobil Oil Mariana Islands, Inc.,* 2012 MP 20 ¶ 44 (N. Mar. I. 2012).

In support of her fraud claim, Plaintiff alleges these facts: "tips were given by IPI customers to IPI for the specific purpose of rewarding VIP hosts for good service, with the direction that IPI pay these tips to the VIP hosts" (Compl. ¶ 26); IPI "refused to pay these tips to the VIP hosts, specifically Plaintiff, and instead converted these tips to its own use" (*id.* ¶ 27); Yuki Xia, an IPI employee who supervised and managed the VIP hosts, "converted these tips to the use of IPI, failing and refusing to pay Plaintiff her legitimate and rightful share of the tips" (*id.* ¶ 47).

Defendant asserts that these factual allegations about not passing along tips are not particular enough about the time, place, and circumstances to support a claim of fraud. (Mot. at 3–4.) Plaintiff, in her Opposition, matches the who, what, when, where, and how to statements in the Complaint: "who" is Yuki Xia, "what" is customers' tips, "when" is the whole period of employment in which tips were confiscated, etc. This exercise misses the mark. The "what" that must be specifically identified is the misrepresentation. To avoid dismissal, the complaint "must state the time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentation." *Schreiber Distributing Co. v. Sev–Well Furniture Co., Inc.,* 806 F.2d 1393, 1401 (9th Cir. 1986). What did IPI's representative say to Plaintiff that led her to believe she would get a share of the tips? When did the representative say it? What action did Plaintiff take in reliance on that false statement? To all these questions, the complaint supplies no answer. "Rule 9(b)'s heightened pleading [means] that the 'who, what, when, where and how' of the fraudulent conduct, as well as what conduct/statement is misleading and why it is false, must

be expressly alleged." *Deerpoint Group, Inc. v. Agrigenix, LLC,* __ F. Supp. 3d __, 2018 WL 6330897, at *19 n.21 (E.D. Cal. Dec. 4, 2018) citing *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018). A review of the Complaint reveals that Plaintiff has failed to satisfy those requirements.

A mere expectation that Plaintiff would get a share of the tips, without some statement or action by the employer to support that expectation, does not constitute a fraud on the employee. Compare *New Orleans Deli & Dining, LLC v. Continental Casualty Company,* where in claiming fraud the employee plaintiffs "allege that they had an agreement and understanding with NODD that they would receive the tips" and that they "detrimentally relied on defendants' fraud[.]" 2011 WL 4551165, at *1, *2 (E.D. La. Sept. 29, 2011). An employer who keeps tips that a customer meant for the service staff might be liable to the employees on a stand-alone claim for conversion. *See Sims v. AT&T Mobility Svcs. LLC,* 995 F. Supp. 2d 1110, 1119 (E.D. Cal. 2013) (observing that under California law employees can recover gratuities through an action for conversion); *Marin v. Aida, Inc.,* 992 F. Supp. 2d 913, 916 (W.D. Ark. 2014) (granting actual damages to employee for employer's conversion of tips). But in such cases, the real victim of fraudulent misrepresentation may be the customer who leaves cash for the service staff in a jar labeled "Tips" or adds a dollar amount on the "Tip" line of a credit card slip. *See Simchon v. Highgate Hotels, L.P.,* Civil No. 3:15-cv-1434, 2017 WL 6997318 (M.D. Pa. June 29, 2017) (putative class action brought by resort patrons against resort for advance billing for gratuities represented to be paid to employees but never remitted to them); *Garcia v. Four Point Sheraton LAX,* 188 Cal. App. 4th 364, 381 (2010) (describing California statute regulating gratuities out of concern for "preventing fraud on the public").

Because the complaint fails to specify a false statement regarding tips and fails to identify

5

what action Plaintiff took in reliance on that statement, the fraud component of the fifth cause of action is inadequately pled under Rule 9(b).

## V. CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss is GRANTED.

The second and fourth causes of action for violation of the Commonwealth's Minimum Wage and Hour Act are dismissed as untimely. Because amendment would be futile, they are dismissed with prejudice.

The fifth cause of action for fraud and conversion is dismissed for failure to plead fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure. Because amendment may not be futile, the dismissal is without prejudice. **No later than February 28, 2019,** Plaintiff may file an amended complaint to plead fraud separately from conversion, consistent with this Decision and Order.

SO ORDERED this 21st day of February, 2019.

/s/ RAMONA V. MANGLONA
RAMONA V. MANGLONA
Chief Judge